[No. 1172.]

# G. H. MALTER et al., APPELLANTS, *v.* FALCON MINING COMPANY, RESPONDENT.

MECHANIC'S LIEN—HOW CONSTRUED.—A mechanic's lien, although the act giving it is to be liberally construed, is purely of statutory creation, and can only be maintained by a substantial observance of, and compliance with, the provisions of the statute.

IDEM—OMISSIONS IN NOTICE—PLEADINGS—EVIDENCE.—The omissions in the notice and claim, of a mechanic's lien, as recorded, cannot, in essential particulars, be aided by any averments in the complaint, or by extrinsic evidence.

IDEM—NAME OF OWNER MUST BE STATED.—It is essential to the validity of a lien, under the provisions of the statute, that the name of the owner, or reputed owner, of the building, improvement or structure, upon which the lien is sought to be enforced, should be stated. If the name of the owner is unknown that fact ought to be stated, and the name of the reputed owner given. These facts should be stated, independent of the description of the property, in a direct, clear and positive manner.

APPEAL from the District Court of the Seventh Judicial District, Elko County.

The facts are stated in the opinion.

*W. E. F. Deal,* for Appellants :

I. The amended complaint shows that the appellants filed in the recorder's office their claim, containing a statement of their demand, after deducting all just credits and offsets, with the name of the owner, and also the names of the persons by whom they were employed and to whom they furnished the materials, with a statement of the terms, time given and conditions of their contract, and also a description of the property to be charged with the lien sufficient for identification and properly verified. This was all that the statute required. The statement of the demand is sufficient. (*Skyrme* v. *Occidental M. & M. Co.,* 8 Nev. 237 ; *Brennan* v. *Swasey,* 16 Cal. 142 ; *Selden* v. *Meeks,* 17 Cal. 129 ; *Davis* v. *Livingston,* 29 Cal. 283.) The respondent is stated to be the owner of the property upon which the lien is claimed.

II. The property to be charged with the lien is so fully and particularly described that if the description were contained in a deed good in other respects it would be sufficient to pass the title to the mill and the land upon which it is built. (3 Wash. on Real Prop. 336.)

III. The description is sufficient to identify the property, and the sheriff could easily levy upon the property intended from the description. (*Hunter* v. *Truckee Lodge,* 14 Nev. 30 ; *Shaw* v. *Barnes,* 5 Pa. St. 18 ; *Knabb's Appeal,* 10 Pa. St. 190 ; *Donahoo* v. *Scott,* 12 Pa. St. 48 ; *Calhoun* v. *Mahon,* 14 Pa. St. 58 ; *Bayer* v. *Reeside,* 14 Pa. St. 168 ; *Fourth Baptist Church* v. *Trout,* 28 Pa. St. 155 ; *Kennedy v. House,* 41 Pa. St. 41 ; *McClintock* v. *Rush,* 63 Pa. St. 205 ; *City of Crawfordsville* v. *Boots,* 76 Ind. 34 ; *Endsley* v. *State,* 76 Ind. 468 ; *City of Crawfordsville* v. *Johnson,* 51 Ind. 398 ; *Davis* v. *Livingston,* 29 Cal. 289.)

*Rand & Dorsey*, for Respondent :

I. The plaintiffs were sub-contractors, and the complaint should not only show that they have a cause of action against the original contractors, but must show by competent allegations that plaintiffs have a valid lien upon the premises described in the complaint, and if it fail in either particular in this case, the judgment should be affirmed.

II. The notice of lien shows that plaintiffs have received on their contract all that they are entitled to demand by the terms thereof, until fourteen days after the completion of the mill, and there is no allegation in the complaint that the plaintiffs have completed the mill, or that they have performed on their part all of the conditions of the contract, upon which they seek to recover. They have brought their action upon the contract. The contract contains a condition precedent to entitle them to further recovery against the original contractors, and there is no allegation of the performance of the condition precedent. The demurrer on this ground alone should have been sustained. (1 Comp. Laws 1123 ; *V. & T. R. R. Co.* v. *Lyon Co.*, 6 Nev. 68 ; 11 N. Y. 456 ; 30 Cal. 486 ; Green's Pr. & Pl. sec. 336 ; Moaks' Vansantvoord Pl. 179.)

III. One cannot rescind a contract, who, with full knowledge that it has been broken, has afterwards affirmed it by doing anything in recognition of its continued existence. (7 Greenleaf 70 ; 41 Me. 132 ; 21 Wis. 88 ; 2 Bish. on Cont. secs. 206, 656, 678.)

IV. Sub-contractors are held to a more strict compliance with the letter of the statute than original contractors. (29 Cal. 286 ; 54 Cal. 640 ; 4 Gray (Mass.) 289 ; 5 Dutch (N. J.) 415 ; 30 Vt. 768 ; 62 Penn. St. 417 ; 70 Id. 98 ; 21 Ill. 425 ; 3 Minn. 86 ; 1 Cold. 528 ; 5 Md. 419 ; 10 Id. 257 ; 11 Id. 81 ; 30 Conn. 461 ; Phill. on Mech. Liens, secs. 9, 18, 21, 338, 349 ; 35 N. Y. 96.)

V. The plaintiff must state in his notice of lien the name of the owner, or reputed owner, of the building, improvement or structure, if known. (Stat. 1875, 122, sec. 5.)

There is no statement in the notice, or allegation in the complaint, that the name of the owner, or reputed owner of the mill, was unknown to the plaintiffs at the time that they filed their notice of lien.   This is a material averment. (43 Cal. 515 ; Phill. on Mech. Liens, secs. 345-7 ; 54 Cal. 218 ; Id. 640.)   The statement is in the alternative, and does not comply with the provisions of the statute.    (1 Chitt. Pl. 308, 535.)

VI.  The statute requires that the notice of lien shall contain a description of the property to be charged sufficient for identification.   (Stat. 1875 p. 123, sec. 6.)   The description in the notice is insufficient.   (8 Cal. 346 ; 1 Penn. 499 ; 10 Ohio 43 ; Phil. on Mech. Liens, secs. 380, 381, 385, 390.)

By the Court, HAWLEY, C. J.:

This action was brought by appellants, as sub-contractors of Morey & Sperry, to foreclose a mechanics' lien against the Falcon Mining Company.   The district court sustained a demurrer, interposed by respondent, to the amended complaint, dismissed the action as against it, and entered judgment in its favor for the costs.   Respondent contends that the notice of lien attached to and made a part of the complaint does not in any respect comply with the requirements of section 5 of the act relating to mechanics' liens.   (Stat. 1875, 122.)   We will not notice all the various objections urged by counsel, as we are of opinion that one of the points presented is fatal to appellants' claim.   We have repeatedly declared that the act relating to mechanics' liens should be liberally construed ; that the spirit and purpose of the law is to do substantial justice to all parties who may be affected by its provisions ; and that courts should "avoid unfriendly strictness and mere technicality."   (*Skyrme* v. *Occidental M. & M. Co.*, 8 Nev. 221 ; *Hunter* v. *Truckee Lodge*, 14 Nev. 28 ; *Lonkey* v. *Wells*, 16 Nev. 274.)   This rule should always be followed where the objections urged serve only to perplex and embarrass a remedy intended to be simple and summary, without adding anything to the security of the

parties having an interest in the property sought to be affected. But in following this rule, courts should always be careful not to impair the force of the statute or fritter away its meaning by construction. It must always be borne in mind that a mechanic's lien is purely of statutory creation, and that it can only be maintained by a substantial observance of, and compliance with, the provisions of the statute. It is "a remedy given by law, which secures the preference provided for, but which does not exist, however equitable the claim may be, unless the party brings himself within the provisions of the statute, and shows a substantial compliance with all its essential requirements." (Phil. Mech. Liens, sec. 9.) Whatever is made necessary to the existence of the lien must be performed, or the attempt to create it will be futile. A substantial adherence to the terms of the statute in the notice of lien is indispensable. The omissions, if any, in the notice and claim as recorded, cannot, in essential particulars, be aided by any averments in the complaint, or by extrinsic evidence. (*Bertheolet* v. *Parker*, 43 Wis. 551.)

Under the provisions of section 5 of the act relating to mechanics' liens, it is, among other things, essential to the validity of the lien that the name of the owner, or reputed owner of the building, improvement, or structure, upon which the lien is sought to be enforced, should be stated. The notice of lien in this case does not substantially comply with this positive requirement of the statute. It declares that it is the intention of the claimants "to hold and claim a lien upon * * * that certain Howland pulverizing and wet crushing and amalgamating mill, situated in Rock creek, on the mill-site owned or claimed by the Falcon Mining Company, in Elko county, state of Nevada." There is no statement that the Falcon Mining Company is the owner, or the reputed owner, of the mill. The question of ownership is left to inference only, and the inference to be drawn from such a statement that the Falcon Mining Company is the owner, or reputed owner, of the property, may or may not be true. It does not necessarily follow that be-

cause the company claims to be the owner of the mill-site, that it is the owner, or reputed owner, of the mill erected thereon. Moreover, the statement that the Falcon Mining Company claims to be the owner of the mill-site is apparently made for the purpose of giving a description of the property instead of designating the name of the owner. The description given, if intended to be a statement of the name of the owner, or reputed owner, of the property, is radically defective.

In *Beals* v. *Congregational B'nai Jeshurun* it was stated, in the notice of lien, that the claim was for work done and performed, and materials furnished, "for and upon the building known as the jewish synagogue, situated in Greene street," etc. The notice also stated that one of the "owners is one Mark Levy." The court, after declaring that "without the name of the owner there can be no substantial compliance " with the statute, and that the statement as to one of the owners was insufficient to bind the defendants, said: "The designation 'jewish synagogue,' in the notice, is no compliance with the act, because it is not the name of the defendants, and because it is not stated in any manner as the name of the owner, nor as the name by which the owner is known or called. On the contrary, the language of the notice is explicit, and limits these words to the description of the *building*, and does not apply it to the owners at all." (1 E. D. Smith, 657.)

In *Rugg* v. *Hoover*, the lien claimant stated, in his notice, that " he did, at the request of one Martin Hoover, furnish and deliver unto said Hoover, for the furnishing * * * of his mill at Crookston, in the county of Polk, * * *" certain mill supplies. The court, after disposing of certain questions, said: "There is no direct, unequivocal allegation as to the ownership " of the building. "The only word in the affidavit that could, by possibility, be construed to imply ownership is the word 'his,' used in a clause describing or identifying the building. * * * It is impossible to say that its use, in the connection in which it is used in this affidavit, is a substantial equivalent for an allegation of ownership." (28 Minn. 407.)

There is no direct, unequivocal allegation of the name of the owner, or of the reputed owner, of the property in the notice of lien under consideration. The question of ownership is only mentioned inferentially in giving a description of the property, and is there stated in the alternative. The statute contemplates a positive designation of the name of the owner, if known. (*Mayes* v. *Ruffners*, 8 W. Va. 386.) It only relieves a party claiming a lien from giving the name of the owner when it is not known to him. (*Kelly* v. *Laws*, 109 Mass. 396.) If the person claiming a lien " knows the name of the owner, that name must be inserted; if he only knows of a person reputed to be the owner, the name of such person, with the fact that he is so reputed to be the owner, must be inserted." (*McElwee* v. *Sandford*, 53 How. Pr. 90 ; *Hooper* v. *Flood*, 54 Cal. 222.)

The decisions upon this question are numerous and uniform. (Phil. Mech. Liens, sec. 345 *et seq.*) They all declare that, where the statute requires it, the name of the owner, if known, must be stated ; and if the name of the owner is unknown, that fact ought to be stated, and the name of the reputed owner given. These facts ought to be stated, independent of the description of the property, in a direct, clear and positive manner.

The judgment of the district court is affirmed.