RAY HEATING PRODUCTS, INC., A NEVADA CORPORATION, DBA RAY HEATING AND SHEET METAL CO., APPELLANT, v. BOYCE H. MILLER, B. A. BROWN AND ELLEN A. BROWN, HIS WIFE, RESPONDENTS.

No. 4044

April 14, 1958.                     324 P.2d 237.

*Guild, Busey & Guild* and *Howard L. Cunningham*, of Reno, for Appellant.

*Diehl and Recanzone*, of Fallon, for Respondents.

## OPINION

By the Court, EATHER, J.:

The district court dismissed appellant's lien foreclosure complaint on the ground that it did not state facts sufficient to constitute a claim. Respondents seek to sustain this ruling upon the sole ground "that appellant's claim and statement of mechanic's lien was fatally defective in that it did not set forth a sufficient statement of the claimant's demand after deducting all just credits and offsets and a statement of the terms, time given and conditions of the contract."

The statute requires the recording of "a claim containing a statement of his demand after deducting all just credits and offsets, with the name of the owner or reputed owner if known, also the name of the person by whom he was employed or to whom he furnished the

material, with a statement of the terms, time given, and conditions of his contract. * * *" NCL 1929, sec. 3739. NRS 108.060.

The allegation in appellant's claim of lien was "that * * .* claimant agreed with owner or his contractor, Boyce Miller, to furnish materials and labor on the aforesaid premises and claimant did furnish the aforesaid labor and materials at the reasonable value thereof. Said claimant has duly performed all terms of said contract on its part to be performed, has furnished said labor and materials upon said contract. * * * That the market value of said services due to claimant is the sum of $1487.86, none of which has been paid."

(1) Respondents' first contention is that this language did not comply with the requirement for a statement of the claimant's "demand after deducting all just credits and offsets." The same attack was made against a similar allegation in Milner et al. v. Shuey, 57 Nev. 159, 60 P.2d 604, 69 P.2d 771, but the allegation consisting of similar language was held sufficient.

(2) The sufficiency of the lien claim is also attacked for failure to state the "terms, time given and conditions of the contract." Against a similar attack this court said in Lonkey v. Wells, 16 Nev. 271, "But if there are no special terms, time or conditions given, none can be stated, and in the absence of any such specification, or proofs to the contrary, the law would presume that none existed, and that the materials were to be paid for on delivery."

(3) The most serious attack on the lien claim is that it did not "include a sufficient description of the materials furnished or work done to enable the owner to intelligently determine as to the bona fides of such contract and the reasonableness thereof." This is the language used in Warren v. Quade, 3 Wash. 750, 29 P. 827, 829. The ruling was followed in later Washington cases. The theory of such cases was followed by this court in Porteous Decorative Co., Inc., v. Fee, 29 Nev. 375, 91 P. 135, 136, which held that a description in a claim of lien of the work done as "outside work on the house" was insufficient to support the lien. However, in the later

case of Milner v. Shuey, 57 Nev. 159, 60 P.2d 604, 605, 69 P.2d 771, this court, against a similar attack, held sufficient Shuey's allegation in his lien claim that he "performed work and labor upon, and furnished and supplied materials for, about, in and upon, said lode mining claims, and in the development thereof, which said work, labor and materials furnished and supplied, is and was of the reasonable value of $2085.50. * * *" The court there made reference to the Porteous case as follows: "The Porteous Decorative Co. v. Fee, 29 Nev. 375, 91 P. 135, much stressed by appellants, is not an authority against the sufficiency of the lien before us. The lien under consideration in that case did not substantially comply with the statute."

Respondents call attention to the fact that the Shuey case did not in terms overrule the Porteous case. This amounts to a contention that there are two rules in this state, the first, under the Porteous case, that a general allegation of the performance of labor or the furnishing of materials for the construction or improvements upon the particular property, without a particular description of such labor or materials, renders the claim fatally defective; and the second, under the Shuey case, that no such particular description is required for the validity of the lien. They contend further that, such being the case, we are free in this appeal to choose either the Porteous rule or the Shuey rule. We do not see the situation in this light. The Shuey case and the Porteous case are not reconcilable. The Shuey case cannot, in our opinion, be considered otherwise than as overruling the Porteous case. That there may be no further doubt on the question, we so declare. As the Shuey case is controlling, the district court was in error in dismissing appellant's complaint.

Reversed with costs and remanded for further proceedings.

BADT, C. J., and MERRILL, J., concur.