FISHER BROTHERS, INC., a Corporation, Appellant, v. HARRAH REALTY CO., Respondent.

No. 8027

January 28, 1976                              545 P.2d 203

*Breen, Young, Whitehead & Hoy, Chartered,* of Reno, and *Jeffrey K. Rahbeck,* of Zephyr Cove, for Appellant.

*Robinson & Cassas,* of Reno, for Respondent.

## OPINION

*Per Curiam:*

Respondent, Harrah Realty Co., owned certain real property adjoining Lake Tahoe. In 1971, Harrah contracted with Stolte, Inc., a general contractor, for the construction of certain improvements on the property. Stolte engaged Terry Construction Company to perform the excavation work. Terry, in turn, contracted with Fisher Brothers, Inc., appellant herein, who supplied various materials and labor utilized in the excavation work. In accordance with NRS 108.226, a mechanic's

lien was recorded by appellant purportedly encumbering Harrah's property to the extent of the value of the labor and materials furnished by it. Notice of the lien was never served on Harrah as required by NRS 108.227.

Harrah fully paid Terry for its work. However, Terry in turn did not pay Fisher Brothers. Ultimately, appellant failed to receive remuneration from Terry and an action was commenced to foreclose its mechanic's lien. For appellant's failure to serve notice of the lien on Harrah, the lower court granted summary judgment dismissing the action.

Here, it is contended that summary judgment was not appropriate for the reason that respondent waived its defense of noncompliance with the notice provisions of the mechanic's lien statutes by failing to affirmatively plead said defense in its answer. Alternatively, it is argued that summary judgment was inappropriate because it precluded appellant from pursuing certain viable common law theories of relief. We regard both contentions as without merit.

1. The mechanic's lien, product of legislative fiat, was not recognized at common law. NRS 108.221 et seq.; Lamb v. Lucky Boy M. Co., 37 Nev. 9, 138 P. 902 (1914). Strict compliance with the statutes creating the remedy is therefore required before a party is entitled to any benefits occasioned by its existence. Clark Lumber Co. v. Passig, 339 P.2d 280 (Kan. 1959.) If one pursues his statutory remedy by filing a complaint to perfect a mechanic's lien, he necessarily implies full compliance with the statutory prerequisites giving rise to the cause of action. Thus, compliance with the provisions of the mechanic's lien statutes is placed at issue by the complaint and need not be raised affirmatively in the answer. See Anderson v. Chambliss, 262 P.2d 298 (Ore. 1953). Cf. Skyrme v. Occidental Mill and Mining Co., 8 Nev. 219, 229 (1873).

2. NRS 108.238 provides that the mere existence of the mechanic's lien statutes should not be construed to preclude anyone from maintaining an independent action to recover a debt resulting from "work done or material furnished" against the person liable therefore.

Appellant argues that the judgment of the trial court precluded it from pursuing its common law remedies against Harrah. However, appellant does not specify and, under the circumstances of this case, we cannot conceive of any common

law theory upon which a claim for relief could be premised. See Vaughn Materials v. Meadowvale Homes, 84 Nev. 227, 438 P.2d 822 (1968).

Affirmed.