LAS VEGAS PLYWOOD AND LUMBER, INC., Appellant, *v.* D & D ENTERPRISES, Respondent, HIBERNIA NATIONAL BANK IN NEW ORLEANS, Intervenor.

No. 13077

August 27, 1982                    649 P.2d 1367

*Ordowski & Eads,* Las Vegas, for Appellant.

*Jolley, Urga & Wirth,* and *Phillip S. Aurbach,* Las Vegas, for Respondent.

*Lionel Sawyer & Collins,* and *Robert M. Buckalew,* Las Vegas, for Intervenor.

## OPINION

*Per Curiam:*

This is an appeal from an order granting summary judgment in a mechanic's lien foreclosure action in favor of respondent D & D Enterprises (D & D) and against appellant Las Vegas Plywood and Lumber, Inc., the lien claimant. The district court held that, because appellant did not comply with the statutory requirements for service of a mechanic's lien, the lien was never perfected. Appellant argues that substantial compliance with the statute was sufficient, where respondent had acutal notice of the lien. We agree with appellant and reverse.

Appellant provided materials as a subcontractor for a construction project on respondent D & D's land. When the general contractor failed to pay for the materials, appellant recorded a mechanic's lien on the property. Appellant attempted to serve the lien on respondent by leaving it with a person of suitable age and discretion at respondent's place of business. When no suitable person could be found, appellant posted a copy of the lien in a conspicuous place at respondent's place of business, rather than on the property which was the subject of the lien, and appellant mailed a copy to respondent. Respondent received actual notice of the existence of the lien.

Appellant brought this action to foreclose the lien. The district court granted summary judgment in respondent's favor, ruling that appellant had failed to serve respondent with a copy of the lien in conformity with the requirements of NRS 108.227(1).[1]

---

[1] NRS 108.227  Service of copy of claim on "record owner" of property; "record owner" defined.
1.  In addition to the requirements of NRS 108.226, a copy of the claim

This court has repeatedly held that the mechanic's lien statutes are remedial in character and should be liberally construed; that substantial compliance with the statutory requirements is sufficient to perfect the lien if the property owner is not prejudiced. Peccole v. Luce & Goodfellow, Inc., 66 Nev. 360, 212 P.2d 718 (1949); Ferro v. Bargo Mining and Milling Co., 37 Nev. 139, 140 P. 527 (1914); Malter v. Falcon Mining Co., 18 Nev. 209 (1883). In *Malter,* we stated that:

> the spirit and purpose of the [mechanic's lien statute] is to do substantial justice to all parties who may be affected by its provisions; and that courts should avoid "unfriendly strictness and mere technicality." [Citations omitted.] This rule should always be followed where the objections urged serve only to perplex and embarrass a remedy intended to be simple and summary, without adding anything to the security of the parties having an interest in the property sought to be affected.

18 Nev. at 212-213. *Cf.* Fisher Brothers, Inc. v. Harrah Realty Co., 92 Nev. 65, 545 P.2d 203 (1976) (Complete failure to give the required notice prevents perfection of a mechanic's lien.) *See also* Peterman-Donnelly Engineers & Contractors Corp. v. First National Bank of Arizona, 408 P.2d 841 (Ariz.App. 1965); Watson v. Auburn Iron Works, 318 N.E.2d 508 (Ill.App 1974); Schubloom v. Donavon and Assoc., 241 N.W.2d 710 (S.D. 1976).

The purpose of NRS 108.227(1) is to notify the property owner of the lien; therefore, substantial compliance with the requirements of the statute will suffice if the owner receives actual notice and is not prejudiced. The district court has discretion to determine whether there has been substantial compliance with the statute. In the instant case it is undisputed that

---

shall be served upon the record owner of the property within 30 days, in one of the following ways:

(a) By delivering a copy to the owner personally; or

(b) If he is absent from his place of residence, or from his usual place of business, by leaving a copy with some person of suitable age and discretion at either place, and sending a copy through the mail addressed to the owner at his place of residence or place of business; or

(c) If such place of residence or business cannot be ascertained, or a person of suitable age or discretion cannot be found there, then by fixing a copy in a conspicuous place on the property, and also delivering a copy to a person there residing, if such person can be found, and also sending a copy through the mail addressed to the owner at the place where the property is situated.

appellant complied with the statute in every respect except that appellant mistakenly posted the lien at the wrong location. It is also undisputed that respondent had actual notice of the lien, and that respondent was not prejudiced by appellant's dereliction. On these facts, we hold that, as a matter of law, appellant's substantial compliance with NRS 108.227(1) was sufficient to perfect the mechanic's lien. We therefore reverse and remand the case for further proceedings in accordance with this opinion.