WARREN SCHOFIELD AND OLIVE SCHOFIELD, APPELLANTS, v. COPELAND LUMBER YARDS, INC., RESPONDENT.

No. 14904

January 4, 1985                                            692 P.2d 519

*George E. Franklin,* Yerington, for Appellants.

*George M. Keele,* Gardnerville, for Respondent.

## OPINION

*Per Curiam:*

Sometime prior to November 5, 1980, appellants Warren and Olive Schofield entered into a contract with Herbert Penrose, a general contractor doing business as Nevada Homes and Apartments, to construct a home for them on their property in Lyon County, Nevada. Appellants at that time resided in California and relied upon Mr. Penrose to perform the duties of a contractor, including contracting for the delivery of building materials to their homesite.

In late November of 1980, appellants received a registered letter from respondent Copeland Lumber Yards, Inc., informing them that respondent was supplying lumber and other building materials to their building site. In the spring of 1981, Mrs. Schofield had a telephone conversation with respondent's representative, during which he informed her that Mr. Penrose was in arrears on payment on the account he had set up in appellants' name. According to her affidavit, Mrs. Schofield responded that appellants had advanced Mr. Penrose sufficient money to pay for all material. Significantly, these were the only communications between the parties of which the court had any evidence when it granted judgment in this case.

Respondent subsequently took measures to perfect a lien upon appellants' property for the arrearages, and commenced this foreclosure proceeding. The statutory directives for perfection of a materialman's lien were followed in all particulars except that a statement of the terms, time given and conditions of respondent's contract was not included in the notice of lien as required by NRS 108.226(4)(d). Respondent moved for summary judgment and the court entered judgment in its favor. Appellants assert that the grant of summary judgment was in error because respondents did not demonstrate that they had fully complied with the lien laws. We agree.

The mechanics lien is a creature of statute, unknown at common law. "Strict compliance with the statutes creating the remedy is therefore required before a party is entitled to any benefits occasioned by its existence. . . . If one pursues his statutory remedy by filing a complaint to perfect a mechanic's lien, he necessarily implies full compliance with the statutory prerequisites giving rise to the cause of action." Fisher Bros., Inc. v. Harrah Realty Co., 92 Nev. 65, 67, 545 P.2d 203 (1976). Although compliance with the provisions of the lien statutes is placed at issue by the complaint for foreclosure and need not be raised affirmatively in the answer, *Fisher Bros., supra,* in this

case appellants' answer did affirmatively raise the issue by denying such compliance.

The object of the lien statutes is to secure payment to those who perform labor or furnish material to improve the property of the owner. Peccole v. Luce & Goodfellow, 66 Nev. 360, 212 P.2d 718 (1949). We have held on a number of previous occasions that where there is substantial compliance with the lien statutes notices, liens and pleadings arising out of those statutes will be liberally construed in order to effect the desired object. Lamb v. Goldfield Lucky Boy Min. Co., 37 Nev. 9, 138 P. 902 (1914); *Peccole, supra*. Very general statements of the terms, times given and conditions of a contract have been accepted as being in substantial compliance with the statute. *See* Ray Heating Products v. Miller, 74 Nev. 124, 126, 324 P.2d 237, 238 (1958). However, we do not think that a notice of lien may be so liberally construed as to condone the total elimination of a specific requirement of the statute. This is particularly true where, as in the instant case, the property owners had no personal knowledge of the terms of respondent's contract with Mr. Penrose. The record in this case indicates that this lack of knowledge placed them at a considerable disadvantage in defending against the motion for summary judgment.

NRS 108.226(4)(d) clearly provides that the owner of the improved property be informed of the terms of the contract which ultimately results in a lien against his property. In Ray Heating Products v. Miller, *supra,* we held that a lien claim was not insufficient for failure to state the "terms, time given and conditions of the contract," explaining that "if there are no special terms, time or conditions given, none can be stated, and in the absence of any such specifications, or proofs to the contrary, the law would presume that none existed, and that the materials were to be paid for on delivery." 74 Nev. at 126, 324 P.2d at 238. In this case, however, the court could not have presumed that the contract terms were for payment on delivery. Mrs. Schofield's affidavit, submitted in opposition to the motion for summary judgment, made clear that, whatever the actual terms of the contract, they apparently were not for payment on delivery. In fact, she questioned why respondent had not demanded compliance with these terms if it was experiencing difficulty in collecting from Mr. Penrose.

The information before the court on the motion for summary judgment, therefore, indicated that the terms of the contract, which are expressly accorded materiality by the lien statute, were omitted and that such omission under the facts of this case was fatal to the lien. Appellants stated sufficient facts in Mrs. Scho-

field's affidavit to rebut the presumption that the contract was on a payment on delivery basis. Obviously, had appellants been provided with the information to which the statute entitles them, it is possible that they would have been able to raise other issues of fact, *e.g.*, issues relating to the timeliness of the filing of the lien and the notice given them.

Summary judgment is only appropriate when the pleadings and papers on file show that there is no genuine issue of fact, and that the moving party is entitled to judgment as a matter of law. Nehls v. Leonard, 97 Nev. 325, 328, 630 P.2d 258, 260 (1981). Since respondent did not fully or substantially comply with the lien statutes, the lien is invalid as a matter of law, and respondent is not entitled to judgment.

Accordingly, the summary judgment is reversed.