FILED

JUN 30 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| COLLINS DEVELOPMENT, INC. <br> Plaintiff - Appellee, <br><br> v. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR SILVER STATE BANK, <br> Defendant - Appellant. | No. 10-16201 <br><br> D.C. No. 2:09-cv-00427-RCJ-RJJ <br><br> MEMORANDUM [*] |

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, District Judge, Presiding

Argued and Submitted June 13, 2011
San Francisco, California

Before: O'SCANNLAIN and BYBEE, Circuit Judges, and HAYES,[**] District
Judge.

Federal Deposit Insurance Corporation ("FDIC"), as receiver for Silver State

Bank, appeals the grant of summary judgment in favor of Collins Development

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable William Q. Hayes, United States District Judge for the
Southern District of California, sitting by designation.

("Collins").  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review *de novo*.  *See Trs. of Constr. Indus. & Laborers Health & Welfare Trust v. Hartford Fire Ins. Co.*, 578 F.3d 1126, 1128-29 (9th Cir. 2009).

Even if Collins had a mechanic's lien which attached prior to the date of receivership, due to Collins's failure to comply with the perfection requirements in section 108.226 of the Nevada Revised Statutes, this lien was "invalid as a matter of law," and Collins was not entitled "'to any benefits occasioned by its existence'" as of the date of receivership.  *Schofield v. Copeland Lumber Yards, Inc.*, 692 P.2d 519, 520-21 (Nev. 1985) (quoting *Fisher Bros., Inc. v. Harrah Realty Co.*, 545 P.2d 203, 204 (Nev. 1976)).  Pursuant to Nevada law, Collins was not entitled to any benefits—including priority status—from its mechanic's lien on the real property at issue as of the date of receivership.

After the date of receivership, Collins was not permitted to perfect because a creditor may not improve its position post-receivership pursuant to the Financial Institutions Reform and Recovery Enforcement Act ("FIRREA").  *See* 12 U.S.C. § 1825(b)(2) ("When acting as a receiver . . . [n]o property of the Corporation shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the Corporation, nor shall any involuntary lien attach to the property of the Corporation."); 12 U.S.C. § 1821(d)(13)(C) ("No attachment or execution may

2

issue by any court upon assets in the possession of the receiver."); *cf. First Empire Bank-New York v. FDIC*, 634 F.2d 1222, 1225 (9th Cir. 1980) (stating that, as between a creditor and the FDIC acting as receiver for an insolvent bank, "[t]he rights of the parties become fixed as of the date of [the bank's] insolvency" (citing *Scott v. Armstrong*, 146 U.S. 499, 510 (1892))). The district court did not have authority to lift FIRREA's bar on recordation *nunc pro tunc* and declare Collins's lien to be perfected, valid, and enforceable.

We reverse summary judgment for Collins and remand for further proceedings.

**REVERSED and REMANDED.**