# IN THE SUPREME COURT OF THE STATE OF NEVADA

DON JACOB REED; AND BETTY MAY FISHER-REED, HUSBAND AND WIFE,
Appellants,
vs.
SOLIGENT DISTRIBUTION, LLC, A DELAWARE LIMITED LIABILITY COMPANY,
Respondent.

No. 75819

FILED

DEC 12 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order denying a motion to release a mechanic's lien pursuant to NRS 108.2275 and awarding attorney fees and costs. Eighth Judicial District Court, Clark County; Rob Bare, Judge.[1]

Respondent Soligent Distribution, LLC (Soligent) filed an action seeking, among other things, to foreclose upon mechanic's liens on several parcels of real property, including the residential property of appellants Don and Betty Reed. The Reeds moved to release Soligent's mechanic's lien pursuant to NRS 108.2275(6), arguing that Soligent could not enforce its lien because it failed to deliver its Notice of Right to Lien to the Reeds as required by NRS 108.245. The district court found that Soligent complied with NRS 108.245, denied the Reeds' motion, and later ordered the Reeds to pay Soligent's attorney fees and costs in defending against the Reeds' motion. The Reeds appeal pursuant to NRS 108.2275(8).

NRS 108.2275 allows a property owner to challenge a mechanic's lien it believes is frivolous and made without reasonable cause.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

19-50422

NRS 108.2275(1). After a hearing, the district court must determine whether the notice of lien is frivolous and made without reasonable cause and, if so, order the lien released and award attorney fees and costs to the property owner. NRS 108.2275(6)(a). If the district court finds that the notice of lien is not frivolous or made without reasonable cause, the district court must award attorney fees and costs incurred by the lien claimant in opposing the motion. NRS 108.2275(6)(c).

The Reeds argue that because Soligent failed to deliver its Notice of Right to Lien pursuant to NRS 108.245(1), Soligent cannot perfect its lien on the Reeds' property and the district court therefore erred in finding that the lien was not frivolous and made without reasonable cause under NRS 108.2275(6). In particular, the Reeds argue that Soligent did not substantially comply with NRS 108.245's delivery requirement because Soligent sent its Notice of Right to Lien to an incorrect address[2] and the postal service returned the Notice of Right to Lien to Soligent as undeliverable. Soligent argues that it complied with the statute by sending, via certified mail, the Notice of Right to Lien to the Reeds at the property address, as the statute does not require proof of receipt, and it was not required to make further attempts to ensure that the Reeds received the Notice of Right to Lien.

In order to enforce a mechanic's lien against real property, a lien claimant must first "deliver" a Notice of Right to Lien to the property

---

[2]Soligent mailed the Notice of Right to Lien by certified mail, return receipt requested to Betty Reed at the property address. The Reeds do not receive mail at their property address, however, and because the Reeds' forwarding request with the postal service had expired before Soligent mailed the Notice of Right to Lien, the postal service did not forward Soligent's notice to the Reeds' mailing address.

owner by either personal service or by mailing a copy by certified mail. NRS 108.245(1), (3). This court has held that "substantial compliance with the technical requirements of the lien statutes is sufficient to create a lien on the property where . . . the owner of the property receives *actual* notice of the potential lien claim and is not prejudiced." *Bd. Of Trs. of Vacation Tr. Carpenters Local No. 1780 v. Durable Developers, Inc.*, 102 Nev. 401, 410, 724 P.2d 736, 743 (1986) (emphasis added) (citing *Las Vegas Plywood v. D & D Enters.*, 98 Nev. 378, 380, 649 P.2d 1367, 1368 (1982)). With regard to providing statutory pre-lien notice, "substantial compliance requires actual notice to the [property] owner" so that the owner is "reasonably made aware of the identity of the third party seeking to record and enforce a lien" if the owner has not had direct contact with that third party. *Hardy Cos., Inc. v. SNMARK, LLC*, 126 Nev. 528, 531, 540, 542, 245 P.3d 1149, 1152, 1157-158 (2010) (discussing purpose of pre-lien notice and a lien claimant's affirmative duty of due diligence in providing proper notice); *see also Schofield v. Copeland Lumber Yards, Inc.*, 101 Nev. 83, 85, 692 P.2d 519, 520 (1985) (observing that a notice of lien should adhere to the statutory requirements, especially where the property owners have no personal knowledge of the lien claimant's involvement in the improvement of their property).

Under NRS 108.245's plain language, we conclude that the district court erred in determining that Soligent substantially complied with the statutory requirement to deliver notice of its right to lien to the Reeds. *See Leven v. Frey*, 123 Nev. 399, 402, 168 P.3d 712, 714 (2007) (applying a de novo standard of review in resolving issues of statutory construction). The record supports the Reeds' assertion that they were not aware that Soligent provided any materials to be installed on their property

SUPREME COURT
OF
NEVADA

(O) 1947A

3

until they received a Fifteen Day Notice of Intent to Lien from Soligent.[3] While Soligent produced invoices showing that it provided materials for the Reeds' property, it did not provide any evidence to refute the Reeds' evidence that they had no actual knowledge of Soligent's potential lien claim before they received Soligent's Fifteen Day Notice of Intent to Lien.

Soligent argues that, because NRS 108.245 does not require delivery via certified mail "return receipt requested," or any action beyond certified mailing or personal service, it was not required to take further steps to ensure that the Reeds received its Notice of Right to Lien after the postal service returned the notice to Soligent as undeliverable. We disagree. Because substantial compliance with NRS 108.245 requires that the property owner have actual knowledge of the identity of a potential lien claimant, *see Hardy Cos.*, 126 Nev. at 531, 245 P.3d at 1152, and Soligent was aware that the Reeds were not provided with such notice when the postal service returned as undeliverable Soligent's Notice of Right to Lien, Soligent should have then taken steps necessary to provide the Reeds with actual notice of Soligent's right to record a lien against their property.[4]

---

[3]To perfect a mechanic's lien, a claimant must provide three notices to the property owner: (1) a Notice of Right to Lien, the purpose of which is to inform the property owner that the claimant has the right to record a lien against the property if it is not paid for its materials or services, *see* NRS 108.245; (2) a Fifteen Day Notice of Intent to Lien, the purpose of which is to notify the property owner that the claimant intends to record a lien against the property, *see* NRS 108.226(6); and (3) a Notice of Lien, the purpose of which is to notify the property owner that the claimant has recorded a lien against the property, *see* NRS 108.227(1).

[4]While NRS 108.226(6), which requires Soligent to serve the Reeds with a Fifteen Day Notice of Intent to Lien, also does not require delivery by certified mail with "return receipt requested," Soligent did take steps to ascertain the Reeds' correct mailing address and it resent its Fifteen Day

Because Soligent failed to substantially comply with the pre-lien notice requirements to provide the Reeds with actual notice of Soligent's potential lien claim, the district court erred in denying the Reeds' motion to release the lien under NRS 108.2275(6).[5] For the foregoing reasons, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[6]

_____, C.J.
Gibbons

_____, J.          _____, Sr. J.
Cadish                                Douglas

cc:     Hon. Rob Bare, District Judge
        William C. Turner, Settlement Judge
        Barney C. Ales, Ltd.
        Peel Brimley LLP/Henderson
        Eighth District Court Clerk

---

Notice of Intent to Lien to that address when its original mailing was returned undelivered.

[5]Because this issue is dispositive, we decline to address the parties' additional arguments, some of which are not properly before this court in the context of this interlocutory appeal. *See First Nat'l Bank of Nev. v. Ron Rudin Realty Co.*, 97 Nev. 20, 24, 623 P.2d 558, 560 (1981). In light of our disposition, we also reverse the district court's attorney fees and costs award.

[6]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.