[No. 2156]

## STATE OF NEVADA, Ex Rel. RICHARD BUSTEED, Relator, v. HARLEY A. HARMON, as County Clerk of Clark County, Respondent.

[143 Pac. 1183]

1. ELECTIONS—PARTY OFFICES—"DE FACTO OFFICER"—WHO ARE.
   One purporting to act as a member of a county central committee of a political party, and who held proxies of other members, is at least a *de facto* officer, although disqualified by Stats. 1913, c. 282, sec. 18, because the holder of an appointive public office; a *"de facto* officer" being one whose acts, though not those of a lawful officer, the law upon principles of policy and justice will hold valid, because of the circumstances under which he acts or for the benefit of third persons.

2. PROHIBITION—SCOPE OF REMEDY—COLLATERAL ATTACK.
   Prohibition will not lie to restrain the county clerk from placing upon the official ballot the name of a nominee for justice of the peace selected by the county central committee to fill the vacancy upon the death of the original nominee, because the chairman of the committee, who held three proxies, was disqualified under Stats. 1913, c. 282, sec. 18, being the holder of an an appointive public office, for the chairman was at least a *de facto* officer, and his right to the office cannot be tested by prohibition against another officer.

ORIGINAL PROCEEDING in prohibition by the State, on the relation of Richard Busteed, against Harley A. Harmon, as Clerk of the County of Clark, and another. **Writ denied.**

*Alfred Chartz*, for Petitioner.

*Geo. B. Thatcher*, Attorney-General, and *E. T. Patrick*, Deputy Attorney-General, for Respondent.

By the Court, MCCARRAN, J.:

This is an original proceeding in prohibition. Petitioner seeks to prohibit the county clerk of Clark County from placing upon the official election ballot the name of H. W. Harkins as the nominee of the Republican party for the office of justice of the peace of Las Vegas township. The allegations of the petition are not denied. It is there declared that the original nominee of the Republican party for the office of justice of the peace of Las Vegas township died on the 16th day of September last, and that the

Republican county central committee, assuming to act under the provisions of the statute of 1913, filled by appointment the vacancy thereby created. The statute in that respect provides:

A vacancy "occurring after the holding of any primary election shall be filled by the party committee of the city, county, city and county, district or state, as the case may be." (Stats. 1913, p. 525.)

[1] At the meeting of the Republican county central committee of Clark County, one Roy W. Martin was present, acting as chairman and taking part in the deliberations of the body, and holding and exercising three proxies. It is contended that the acts of the committee in filling the vacancy with the name of Harkins was void, in that by the provisions of our statute of 1913 the said Martin was prohibited from being a member of the county central committee, inasmuch as he was the holder of an appointive public office, to wit, health officer of the county of Clark. Section 18 of chapter 282, Stats. 1913, provides: "No holder of a public position other than an office filled by the voters shall be a delegate to a convention for the election district that elects the officer or board under whom he directly or indirectly holds such position, nor shall be a member of a political committee for such district." (Stats. 1913, p. 482.)

Without passing on the question as to whether the position held by Martin was one such as is contemplated by the inhibition of section 18, it is sufficient to say that the right of Martin to hold the place on the county committee cannot be attacked in this indirect proceeding in which he is not made a party. The acts of Martin, in so far as they went in voting to fill a vacancy on the Republican ticket, were at least those of a member *de facto* of that committee. In the case of *Walcott* v. *Wells*, 21 Nev. 47, 24 Pac. 367, 9 L. R. A. 59, 37 Am. St. Rep. 478, this court adopted a comprehensive definition of a *de facto* officer, that is:

"One whose acts, though not those of a lawful officer,

the law, upon principles of policy and justice, will hold valid so far as they involve the interests of the public and third persons, where the duties of the office were exercised:

"(1) Without a known appointment or election, but under such circumstances of reputation or acquiescence as were calculated to induce people, without inquiry, to submit to or invoke his action, supposing him to be the officer he assumed to be.

" (2) Under color of a known and valid appointment or election, but where the officer had failed to conform to some requirement or condition, as to take an oath, give a bond, or the like.

" (3) Under color of a known election or appointment, void because the officer was not eligible, or because there was a want of power in the electing or appointing body, or by reason of some defect or irregularity in its exercise; such ineligibility, want of power, or defect being unknown to the public.

" (4) Under color of an election or appointment by or pursuant to a public unconstitutional law, before the same is adjudged to be such."

[2] Whatever might be considered as to the ineligibility of Martin's membership on the county committee of the Republican party, his right to membership on that committee cannot, in our judgment, be raised in a proceeding of this nature. His acts being, as we have already stated, the acts of a *de facto* officer, their validity is not properly a matter of judicial inquiry where, as in this case, the proceedings are by way of prohibition against an entirely different officer. The writ of prohibition cannot assume the functions of a writ of *quo warranto*. Title to office cannot, as a general rule, be tried by other than direct proceeding.

From the foregoing, it follows that, inasmuch as the statute does not expressly declare the acts of a committeeman under such circumstances to be void, and finding nothing in the action of the county clerk to warrant the

issuance of a writ of prohibition, it follows that the writ should be denied.

It is so ordered.