SIMMONS SELF-STORAGE PARTNERS, LLC, a Nevada Limited Liability Company; ANTHEM MINI-STORAGE, LLC, a Nevada Limited Liability Company; HORIZON MINI-STORAGE, LLC, a Nevada Limited Liability Company; MONTECITO MINI-STORAGE PARTNERS, LLC, a Nevada Limited Liability Company; LAKE MEAD PROPERTY, LLC; SILVER CREEK I, LLC; COLONIAL BANK, a Subsidiary of THE COLONIAL BANCGROUP, INC., a Delaware Corporation; SOUTHWEST STEEL SYSTEMS, LLC, aka SOUTHWEST STEEL, a Nevada Limited Liability Company; SOUTHWEST STEEL EREC-TORS, LLC, dba SWS ERECTORS aka SOUTHWEST STEEL, a Nevada Limited Liability Company; WESTAR DEVELOPMENT CORPORATION dba WESTAR CON-STRUCTION, a Nevada Corporation; CONTINENTAL CASUALTY COMPANY, a Delaware Corporation; and WESTERN SURETY COMPANY, Appellants, v. RIB ROOF, INC., a California Corporation, Respondent.

No. 56480

March 3, 2011                    247 P.3d 1107

*Shumway Van & Hansen, Chtd.*, and *Michael Van, Erica L. Tosh*, and *Robert A. Ryan*, Las Vegas, for Appellants.

*Snell & Wilmer, LLP*, and *Leon F. Mead, II*, Las Vegas, for Respondent.

Before SAITTA, HARDESTY and PARRAGUIRRE, JJ.

## OPINION

*Per Curiam:*

With limited exceptions, this court's jurisdiction to consider an otherwise timely appeal depends on whether the district court has entered a final judgment in the action below. NRAP 3A(b)(1). A final judgment is generally defined as one that resolves all of the parties' claims and rights in the action, leaving nothing for the court's future consideration except for post-judgment issues. *Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000). The final judgment rule is designed to promote judicial economy and efficiency by precluding multiple appeals arising from a single action. *Valley Bank of Nevada v. Ginsburg*, 110 Nev. 440, 444, 874 P.2d 729, 733 (1994).

Here, we consider whether an order arising out of NRS Chapter 108 proceedings to enforce mechanics' liens constitutes a final judgment under this rule, when that order implicitly determines the liens' validity and enters judgment on the lienable amounts, but

fails to direct the subject property's sale. We conclude that, based on the statutory language governing actions to enforce mechanics' liens, the purposes behind Nevada's final judgment rule, and extrajurisdictional authorities, the court must also determine whether the sale may proceed before a judgment can be considered final and appealable.

## FACTS AND PROCEDURAL HISTORY

In the two consolidated actions below, respondent Rib Roof, Inc., sought to foreclose upon mechanics' liens pertaining to seven different properties and also asserted negligence and intentional misrepresentation claims in both actions against appellants Southwest Steel Systems, LLC, and Southwest Steel Erectors, LLC. The claims in one of the consolidated actions, which concerned the Peccole Mini Storage Project, were dismissed by stipulation and order between all of the parties except the two Southwest Steel entities. With respect to the other six properties at issue in the other consolidated action, the liens against four of the properties (all besides the Simmons and Montecito properties) were released upon surety bonds, and the district court later determined the lienable amount due with respect to each of the six properties and entered judgment thereon. While the district court's judgment implicitly determined the Simmons and Montecito liens' validity, the court failed to allow for the sale of the Simmons and Montecito properties or otherwise mention Rib Roof's request to foreclose on those properties. And although the judgment addressed the claims against the Southwest entities asserted in the second action, it did not address the claims asserted against those entities in the consolidated case concerning the Peccole project. Nonetheless, appellants appealed.

Upon completing our jurisdictional review, we ordered appellants to show cause why this appeal should not be dismissed for lack of jurisdiction, because it appeared that the district court had not entered a final written judgment in the consolidated actions below. NRAP 3A(b)(1); Lee, 116 Nev. 424, 996 P.2d 416. In particular, we noted, two sets of claims appeared to remain below: (1) Rib Roof's request to foreclose upon the mechanics' liens on the Simmons and Montecito properties, and (2) Rib Roof's claims against the Southwest entities concerning the Peccole project.

Both appellants and Rib Roof timely responded, first arguing that the district court's judgment was final despite its failure to order the property sold or foreclosed upon, because doing so is merely a post-judgment enforcement issue, and that, thus, the second amended judgment deeming valid the liens on the Simmons and Montecito properties and entering judgment thereon is final;

and second asserting that all Peccole project claims were settled and released before trial and that, therefore, the second amended judgment was complete with respect to all claims against the Southwest entities. As further explained below, we disagree.

## DISCUSSION

NRS 108.239 governs actions to enforce a notice of mechanic's lien. When a complaint seeking to foreclose on a mechanic's lien is filed, it must include a description of the property to be charged, and the lien claimant must also file an NRS 14.010 notice of lis pendens and ensure that a notice of foreclosure is published in the local newspaper and delivered to any other recorded lien claimants. NRS 108.239(1), (2), and (4). The court is to determine priorities and enter judgment on the lienable amounts. NRS 108.236; NRS 108.239(7) and (9). Once the lienable amount has been determined, the court generally must order the property sold:

> On ascertaining the whole amount of the liens with which the property is justly chargeable, as provided in NRS 108.221 to 108.246, inclusive, the court shall cause the property to be sold in satisfaction of all liens and the costs of sale, including all amounts awarded to all lien claimants pursuant to NRS 108.237, and any party in whose favor judgment may be rendered may cause the property to be sold within the time and in the manner provided for sales on execution, issued out of any district court, for the sale of real property.

NRS 108.239(10).

In providing that "any party in whose favor judgment may be rendered" can execute on the property, NRS 108.239(10) anticipates that the final, appealable judgment will include language allowing the property to be sold; the prevailing party may then enforce the judgment by having the property sold. By including sale language in the final judgment, the merits of the complaint are finally resolved, leaving no question as to whether the foreclosure can proceed, *see Lee*, 116 Nev. at 426, 996 P.2d at 417, yet aggrieved parties can appeal (and seek a stay) before the property is actually sold. *Cf.* NRAP 3A(b)(10) (allowing for appeals from interlocutory judgments in actions for partition that determine the rights of the parties and direct a partition, sale, or division).

Other jurisdictions have determined likewise with regard to lien foreclosure cases in general. For instance, in Kentucky, "an order which directs property to be sold in satisfaction of a judgment and lists and determines the priorities is a final and appealable judgment." *Security Federal Sav. & Loan Ass'n v. Nesler*, 697 S.W.2d

136, 139 (Ky. 1985) (sale of property subject to liens); *see also Elam v. Acme Well Drilling Company*, 411 S.W.2d 468 (Ky. 1967) (sale of attached property).

Additionally, because "a judgment . . . must confer some right that may be enforced without further orders of the court and which puts an end to the litigation," Kentucky's high court has concluded that an order that merely determined the liens' existence and adjudicated priorities, "without going further and directing the enforcement of the liens, was only an interlocutory one that the court might ignore before entering enforcement orders and determining the final rights of the parties." *McCormack v. Moore*, 117 S.W.2d 952, 957 (Ky. 1938); *see also Hadley v. Citizen Deposit Bank*, 186 S.W.3d 754, 758 (Ky. Ct. App. 2005) (citing to *Nesler* and recognizing that an order adjudicating priorities was not appealable, while a later order of sale was). And similarly, in Ohio, final judgments in foreclosure proceedings must determine whether a sale will be ordered, what liens might be at issue and their priority, and the amounts due. *Eddy v. Matthews*, 891 N.E.2d 1211, 1216 (Ohio Ct. App. 2008) (citing, among other authorities, to *Oberlin Sav. Bank Co. v. Fairchild*, 194 N.E.2d 580 (Ohio 1963)). As recognized by an Ohio appellate court,

> The [Ohio] cases . . . draw considerable support from common sense. A mistake in the foreclosure decree is more efficiently rectified by an immediate appeal. It would save the debtor a considerable amount of worry if the appeal is immediate, rather than making him wait until there is judgment confirming the sale of his property to some other person. It would save the purchaser from the uncertainty of an appeal from the judgment confirming his bid on the foreclosed property, during which time his downpayment on the purchase price is held in escrow. It would prevent the sheriff from wasting his resources on unnecessary sale proceedings. And it would save the court from wasting its time and energy minding the matter and reviewing and approving the final sale.
>
> [The Ohio equivalent to NRAP 3A(b)(1)] defines a final appealable order as, *inter alia*, one that determines the action and prevents a favorable judgment for the aggrieved party. The foreclosure decree determines the foreclosure action, and generally terminates the debtor's common-law right of equitable redemption.
>
> Because the decree is not self-executing, the creditor must file a praecipe with the clerk of courts for an order directing the sheriff to sell the property. Thus, the second phase of the proceedings can be understood as a separate action to enforce the decree.

*Ohio Dept. of Taxation v. Plickert*, 715 N.E.2d 239, 240-41 (Ohio Ct. App. 1998) (internal citations omitted). Thus, in Kentucky and Ohio, as well as in other jurisdictions,[1] the final judgment in actions to enforce liens on property determines the liens' validity and amount, adjudicates priorities, and allows for the liens' enforcement through an order of sale.

Based on NRS 108.239 and with a view toward the final judgment rule's goal of promoting efficiency, we conclude likewise. In Nevada, the final judgment in a mechanic's lien enforcement action cannot only enter judgment on the lienable amount, but must also determine whether the property's sale is to proceed. Any litigation concerning the actual sale, the distribution of the proceeds, and any deficiency judgment then occurs in post-judgment enforcement proceedings. *See* NRS 108.239(12) (explaining that if the sale proceeds are insufficient to satisfy the claim, the claimant is entitled to a personal judgment against the liable party).

## CONCLUSION

Here, Rib Roof's complaint specifically sought, as part of the requested relief, an order allowing the Simmons and Montecito properties to be sold in satisfaction of the amount due under the lien. Neither the district court's second amended judgment nor any other order provided by the parties to this court resolves that request. Accordingly, as appellants have not demonstrated that a final judgment exists, we lack jurisdiction and dismiss this appeal.[2]

---

[1]*See MDG Supply, Inc. v. Diversified Investments, Inc.*, 463 P.2d 525, 528 (Haw. 1969) ("A judgment of foreclosure of mortgage or other lien and sale of foreclosed property is final . . . . This is on the ground that such judgment finally determines the merits of the controversy, and subsequent proceedings are simply incidents to its enforcement." (internal citations omitted)); *Worthy v. Graham*, 149 So. 2d 469, 471-72 (Miss. 1963) (same); *Federal Deposit Ins. Corp. v. Tidwell*, 820 P.2d 1338, 1341 (Okla. 1991) (same).

[2]This appeal's dismissal is also warranted because neither the second amended judgment nor the purported settlement agreement formally resolved the Peccole project claims against the Southwest entities, and consequently, those claims remain pending. *See Valley Bank of Nevada v. Ginsburg*, 110 Nev. 440, 446, 874 P.2d 729, 733-34 (1994) (noting that a district court order approving a settlement agreement does not constitute a formal dismissal or otherwise finally resolve the claims before the court); *Mallin v. Farmers Insurance Exchange*, 106 Nev. 606, 609, 797 P.2d 978, 980 (1990) (holding that an order resolving less than all of the claims in consolidated cases is not a final, appealable order).