**129 Nev., Advance Opinion 60**

IN THE SUPREME COURT OF THE STATE OF NEVADA

GEANIE BRADFORD,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
SANDRA L. POMRENZE, DISTRICT
JUDGE,
Respondents,
and
KEVIN BRADFORD,
Real Party in Interest.

No. 61129

FILED

AUG 29 2013



Original petition for a writ of mandamus or prohibition challenging a district court order dismissing a divorce complaint.

*Petition denied.*

Abrams Law Firm, LLC, and Jennifer V. Abrams and Vincent Mayo, Las Vegas,
for Petitioner.

James M. Davis Law Office and James M. Davis, Las Vegas,
for Real Party in Interest.

---

BEFORE PICKERING, C.J., HARDESTY and SAITTA, JJ.

*OPINION*

By the Court, HARDESTY, J.:

In this original petition for a writ of mandamus or prohibition, petitioner Geanie Bradford challenges a district court order finding that

13-25572

she and real party in interest Kevin Bradford were never legally married. Although it appears that the district court may have been in error, Geanie never appealed the court's order. We must determine whether Geanie's failure to timely appeal the order precludes writ relief. In doing so, we must consider whether the validity of the parties' marriage is an issue that we would have an opportunity to meaningfully review on appeal. We conclude that it is, and that an appeal would have been an adequate legal remedy. Accordingly, writ relief is precluded.

## FACTS

Geanie and Kevin were married on December 27, 2008, by newly elected district court judge Bryce Duckworth. Although Judge Duckworth had sworn his oath of office four days earlier, on December 23, 2008, he was not authorized to take the bench until January 5, 2009. Nev. Const. art. 6, § 5.

Geanie filed for divorce from Kevin in 2011. In her divorce complaint, she sought custody of the couple's minor child born on September 18, 2007. At the divorce hearing, the district court sua sponte questioned whether Judge Duckworth had authority to solemnize the marriage and thus whether the parties were legally married. Although the parties neither briefed this issue nor were given an opportunity to formally argue it before the district court, the district court concluded that a judge does not have authority to solemnize a marriage until his or her term actually starts because simply being sworn in does not confer any actual authority. Because the court found as a result that there was no valid marriage, the court dismissed Geanie's divorce complaint as moot. Although the record is unclear as to when a separate custody case was initiated, the district court's dismissal order stated that the custody issues would be resolved in a separate companion custody case. Geanie did not

appeal the district court's dismissal order, and she failed to seek any other relief until one year later, when she filed her writ petition with this court.

## DISCUSSION

This court has discretion to entertain a petition for extraordinary writ relief. *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 198, 179 P.3d 556, 559 (2008). But we have consistently recognized that writ relief is available only "when there is no plain, adequate and speedy legal remedy." *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224, 88 P.3d 840, 841 (2004); *see Cnty. of Washoe v. City of Reno*, 77 Nev. 152, 155, 360 P.2d 602, 603 (1961); *State ex rel. Brown v. Nev. Indus. Comm'n*, 40 Nev. 220, 225, 161 P. 516, 517 (1916); *see also* NRS 34.170; NRS 34.330. Generally, the right to appeal is an adequate legal remedy that precludes consideration of a writ petition. *Pan*, 120 Nev. at 224, 88 P.3d at 840-41. Moreover, a writ petition is not a substitute for an untimely appeal. *Id.* at 224-25, 88 P.3d at 841 (citing *Rim View Trout Co. v. Dep't of Water Res.*, 809 P.2d 1155, 1156-57 (Idaho 1991); *State ex rel. Hulse v. Montgomery Circuit Court*, 561 N.E.2d 497, 498 (Ind. 1990); *State ex rel. Boardwalk Shopping Ctr., Inc. v. Court of Appeals for Cuyahoga Cnty.*, 564 N.E.2d 86, 88 (Ohio 1990)).

Geanie argues that writ relief is appropriate because the district court's order dismissing her complaint as moot was not appealable as a valid, final judgment. *See* NRAP 3A(b)(1) (stating that final judgments are appealable). She contends that the order was not valid because the district court reached the wrong legal conclusion, and that it was not final because a companion custody case is ongoing and addresses issues that were involved in the divorce case. We disagree.

It appears that the district court's conclusion that Geanie and Kevin were never legally married may have been in error. Both NRS

SUPREME COURT
OF
NEVADA

(O) 1947A

3

122.090 and the de facto officer doctrine provide that a marriage performed by a person without actual authority to solemnize the marriage is nevertheless valid if both parties shared a good-faith belief that the person had the required authority. NRS 122.090; *State ex rel. Busteed v. Harmon*, 38 Nev. 5, 6-7, 143 P. 1183, 1184 (1914). Regardless, an incorrect legal conclusion does not render a judgment invalid or void. *See generally State ex rel. Smith v. Sixth Judicial Dist. Court*, 63 Nev. 249, 256-57, 167 P.2d 648, 651 (1946) (noting that a judgment rendered when jurisdiction exists may be valid even though erroneous), *overruled on other grounds by Poirier v. Bd. of Dental Exam'rs*, 81 Nev. 384, 387, 404 P.2d 1, 2-3 (1965), *overruled on other grounds by Pengilly v. Rancho Santa Fe Homeowners Ass'n*, 116 Nev. 646, 648-49, 5 P.3d 569, 570-71 (2000); 46 Am. Jur. 2d *Judgments* § 29 (2006) ("A judgment is not void simply because it is erroneous."). A judgment's validity depends on whether the district court had jurisdiction, not whether it reached the correct legal result. *State Tax Comm'n of Utah v. Cord*, 81 Nev. 403, 407, 404 P.2d 422, 424 (1965). Here, the district court had jurisdiction to consider the divorce complaint before it.[1] NRS 125.020.

In addition, the pending separate custody suit does not render ongoing the issues involved in the divorce proceeding. The custody case is a separate action, not a continuation of the divorce case. Thus, the district court order dismissing the divorce complaint was a final, appealable

---

[1]We reject Geanie's argument that mandamus relief is required because the district court refused to take jurisdiction over Geanie's divorce complaint. The district court did not dismiss Geanie's divorce complaint on jurisdictional grounds; it dismissed the complaint as moot because it found that the parties were never validly married and thus could not obtain a divorce.

judgment. *See Simmons Self-Storage Partners, LLC v. Rib Roof, Inc.*, 127 Nev. ___, ___, 247 P.3d 1107, 1108 (2011) (stating that "[a] final judgment is generally defined as one that resolves all of the parties' claims and rights in the action, leaving nothing for the court's future consideration except for post-judgment issues").

Because the district court's order was a valid, final, and appealable judgment, we must determine whether an appeal would have constituted an adequate legal remedy. To determine whether an appeal is an adequate legal remedy, this court considers "'whether [an] appeal will permit this court to meaningfully review the issues presented.'" *Halcrow, Inc. v. Eighth Judicial Dist. Court*, 129 Nev. ___, ___, 302 P.3d 1148, 1151 (2013) (quoting *D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 123 Nev. 468, 474-75, 168 P.3d 731, 736 (2007)). Although this court will not consider arguments that are raised for the first time on appeal, *In re AMERCO Derivative Litigation*, 127 Nev. ___, ___ n.6, 252 P.3d 681, 697 n.6 (2011), the validity of the parties' marriage was raised sua sponte by the district court below and was the ground for dismissal of the divorce complaint. We see no reason why Geanie would not have been able to argue, and we would not have been able to consider, the validity of her marriage on appeal. Therefore, we conclude that writ relief is inappropriate because an appeal would have been an adequate legal remedy.

We recognize that Geanie's failure to timely appeal or move to set aside the district court's order leaves her without legal recourse to challenge the district court's conclusion. However, as noted, "writ relief is not available to correct an untimely notice of appeal," *Pan*, 120 Nev. at 224-25, 88 P.3d at 841, and her failure to timely challenge the district

court's order by appeal, NRCP 60(b) motion, or otherwise has resulted in both parties relying on the validity of the order in their subsequent pursuits. Accordingly, we decline to exercise our discretion to entertain this writ petition, and it is thus denied.

_____, J.
Hardesty

We concur:

_____, C.J.
Pickering

_____, J.
Saitta