131 Nev., Advance Opinion 91

# IN THE SUPREME COURT OF THE STATE OF NEVADA

LEWIS HELFSTEIN; MADALYN
HELFSTEIN; SUMMIT LASER
PRODUCTS, INC.; AND SUMMIT
TECHNOLOGIES, LLC,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; THE HONORABLE ELISSA F.
CADISH, DISTRICT JUDGE; AND THE
HONORABLE ELIZABETH GOFF
GONZALEZ, DISTRICT JUDGE,
Respondents,
and
IRA AND EDYTHE SEAVER FAMILY
TRUST; IRA SEAVER; AND CIRCLE
CONSULTING CORPORATION,
Real Parties in Interest.

No. 65409

FILED

DEC 03 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus or prohibition challenging district court orders setting an evidentiary hearing on a motion to set aside a settlement agreement pursuant to NRCP 60(b) and denying a motion to dismiss.

*Petition granted.*

Foley & Oakes, PC, and J. Michael Oakes, Las Vegas,
for Petitioners.

Holley, Driggs, Walch, Fine, Wray, Puzey & Thompson and Jeffrey R. Albregts, Las Vegas,
for Real Parties in Interest.

15-36839

BEFORE PARRAGUIRRE, DOUGLAS and CHERRY, JJ.

## OPINION

By the Court, CHERRY, J.:

To resolve this original writ petition, petitioner asks us to consider whether NRCP 60(b) can be used to set aside a voluntary dismissal or a settlement agreement. While NRCP 60(b) imposes a 6-month time limit, real parties in interest filed their NRCP 60(b) motion 40 months after filing the voluntary dismissal. Without reaching whether NRCP 60(b) may be used to set aside a voluntary dismissal or a settlement order, we hold that NRCP 60(b)'s 6-month limitation begins running when the order, judgment, or proceeding at issue is filed. Thus, even if NRCP 60(b) applies, the motion is time-barred. We therefore grant the petition.

## FACTS AND PROCEDURAL HISTORY

Real parties in interest Ira Seaver, the Ira Seaver and Edythe Seaver Family Trust, and Circle Consulting Corporation (collectively, Seaver) filed a complaint in the district court against petitioners Lewis and Madalyn Helfstein; Summit Laser Products, Inc.; and Summit Technologies, LLC (collectively, the Helfsteins) and against Uninet Imaging, Inc., and Nestor Saporiti (collectively, Uninet). Seaver alleged contract and tort-based causes of action arising out of agreements between the Helfsteins and Seaver following Uninet's purchase of the Helfsteins' Summit companies. When Uninet purchased Summit, Uninet refused to be liable for the consulting agreement between the Helfsteins and Seaver. Seaver objected to the purchase agreement, but the Helfsteins proceeded with the sale.

Prior to answering the complaint, the Helfsteins settled with Seaver, and Seaver voluntarily dismissed their claims against the Helfsteins.[1] Fourteen months after voluntarily dismissing the Helfsteins from the suit, Seaver filed a notice of rescission. In the notice, Seaver alleged that the Helfsteins fraudulently induced them to settle and that the Helfsteins failed to inform them of material facts or produce relevant documents, which the Helfsteins were obligated to produce pursuant to their fiduciary duties and discovery obligations.

Without the Helfsteins as a party to the litigation,[2] Seaver and Uninet tried the claims between them at a bench trial, and the district court issued findings of fact and conclusions of law that resolved those claims. One year after the bench trial and 26 months after filing the notice of rescission, Seaver filed an NRCP 60(b) motion to set aside the settlement agreement, and, implicitly, the voluntary dismissal and sought to proceed on their claims against the Helfsteins. The Helfsteins opposed the motion claiming, *inter alia*, that the motion was procedurally

---

[1]The voluntary dismissal stated that the action was dismissed pursuant to NRCP 41(a)(1)(ii). However, the dismissal is not a stipulation and should have stated that the action was dismissed pursuant to NRCP 41(a)(1)(i).

[2]After the Helfsteins settled with Seaver, Uninet answered the complaint, filed a counterclaim, and filed a cross-claim against the Helfsteins. The Helfsteins moved to, *inter alia*, compel arbitration. That motion was ultimately granted, completely dismissing the Helfsteins from the underlying action. *Helfstein v. UI Supplies*, Docket No. 56383 (Order of Reversal and Remand, April 7, 2011) (reversing the district court's order denying the motion to compel arbitration and remanding the matter to the district court to enter an order compelling arbitration and dismissing Uninet's causes of action against the Helfsteins).

improper. At the hearing on Seaver's motion, the district court ordered an evidentiary hearing and permitted discovery. The Helfsteins subsequently filed a motion to dismiss, arguing that the district court lacked jurisdiction over them and that the NRCP 60(b) motion was procedurally improper. The district court denied the motion. Finally, the Helfsteins moved to have Judge Gonzalez disqualified from the case, which the district court chief judge heard and denied. The Helfsteins then filed the instant petition. The district court stayed the evidentiary hearing pending this court's resolution of this writ petition.

## DISCUSSION

The Helfsteins' petition seeks the following relief: (1) that this court order the district court to deny as untimely Seaver's motion to set aside the settlement agreement and proceed on the original complaint; (2) that this court order the district court to grant their motion to dismiss Seaver's original complaint against them because the lower court does not have personal jurisdiction over them; and (3) if this court denies their requests for the preceding relief, that this court order the district court to grant their motion to disqualify Judge Gonzalez. The Helfsteins additionally argue that NRCP 60(b) cannot be used to set aside a voluntary dismissal or a settlement agreement.

*Writ relief*

"A writ of mandamus is available to compel the performance of an act that the law requires . . . or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008); *see also* NRS 34.160; *Humphries v. Eighth Judicial Dist. Court*, 129 Nev., Adv. Op. 85, 312 P.3d 484, 486 (2013). A writ of prohibition may be warranted when a district

court acts without or in excess of its jurisdiction. NRS 34.320; *Club Vista Fin. Servs. v. Eighth Judicial Dist. Court*, 128 Nev., Adv. Op. 21, 276 P.3d 246, 249 (2012); *see also Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991).

Where there is no "plain, speedy, and adequate remedy in the ordinary course of law," extraordinary relief may be available. NRS 34.170; NRS 34.330; *see Oxbow Constr., LLC v. Eighth Judicial Dist. Court*, 130 Nev., Adv. Op. 86, 335 P.3d 1234, 1238 (2014). A petitioner bears the burden of demonstrating that the extraordinary remedy of mandamus or prohibition is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). Determining whether to consider a petition for extraordinary relief is solely within this court's discretion. *Smith*, 107 Nev. at 677, 818 P.2d at 851.

This court has consistently held that an appeal is generally an adequate remedy precluding writ relief. *Pan*, 120 Nev. at 224, 88 P.3d at 841; *see also Bradford v. Eighth Judicial Dist. Court*, 129 Nev., Adv. Op. 60, 308 P.3d 122, 123 (2013). Because an appeal is ordinarily an adequate remedy, this court generally declines to consider writ petitions challenging interlocutory district court orders. *Oxbow Constr.*, 130 Nev., Adv. Op. 86, 335 P.3d at 1238. But we may consider writ petitions when an important issue of law needs clarification and considerations of sound judicial economy are served. *Renown Reg'l Med. Ctr. v. Second Judicial Dist. Court*, 130 Nev., Adv. Op. 80, 335 P.3d 199, 202 (2014). We elect to consider this writ petition because consideration of the writ petition will serve judicial economy.

*Standard of review*

In the context of writ petitions, we review district court orders for an arbitrary or capricious abuse of discretion. *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558. However, we review questions of law, such as the interpretation of and interplay between NRCP 41(a)(1) and 60(b), de novo, even in the context of writ petitions. *Moseley v. Eighth Judicial Dist. Court*, 124 Nev. 654, 662, 188 P.3d 1136, 1142 (2008).

*NRCP 41(a)(1) and NRCP 60(b)*

Seaver settled with the Helfsteins and filed a voluntary dismissal pursuant to NRCP 41(a)(1)(i). Nevertheless, more than three years after filing the voluntary dismissal, Seaver filed a motion to set aside the settlement agreement and voluntary dismissal pursuant to NRCP 60(b). The district court did not grant the motion, but it ordered an evidentiary hearing to determine whether the Helfsteins fraudulently induced Seaver to settle.

NRCP 60(b) permits a court to set aside a final judgment, order, or proceeding in certain circumstances:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reason[ ]: . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party . . . . *The motion shall be made within a reasonable time, . . . not more than 6 months after the proceeding was taken or the date that written notice of entry of the judgment or order was served.*

(Emphasis added.) The primary "purpose of Rule 60(b) is to redress any injustices that may have resulted because of excusable neglect or the wrongs of an opposing party." *Nev. Indus. Dev., Inc. v. Benedetti*, 103 Nev.

360, 364, 741 P.2d 802, 805 (1987). We have not previously considered whether a settlement agreement or an NRCP 41(a)(1) voluntary dismissal qualifies as a "final judgment, order, or proceeding" that may be set aside under NRCP 60(b). However, we need not reach this issue here.

An NRCP 60(b) motion must be made "not more than 6 months after the proceeding was taken or the date that written notice of entry of the judgment or order was served." This 6-month period begins to run from the date of the challenged proceeding or upon service of "written notice of entry" of the challenged judgment or order; nothing in NRCP 60(b) bases the 6-month time frame on a subsequent judgment, order or proceeding. *See Union Petrochemical Corp. of Nev. v. Scott*, 96 Nev. 337, 338-39, 609 P.2d 323, 323-24 (1980). We have also previously held that an NRCP 60(b) "motion must be made within a reasonable time and that the six-month period represents the extreme limit of reasonableness." *Stoecklein v. Johnson Elec., Inc.*, 109 Nev. 268, 272, 849 P.2d 305, 308 (1993). Accordingly, assuming that an NRCP 60(b) challenge may also be made to a settlement agreement, such a challenge is also time-barred here because it was made well after 6 months had elapsed.

In this matter, Seaver voluntarily dismissed the Helfsteins on November 23, 2009, and filed his NRCP 60(b) motion 40 months later, far beyond the 6-month time limit. Thus, if a voluntary dismissal is a final judgment, order, or proceeding from which a party may receive relief through NRCP 60(b), then the filing of the voluntary dismissal starts the 6-month clock. Because Seaver filed the motion more than three years after he voluntarily dismissed the Helfsteins from the suit, we conclude that Seaver's NRCP 60(b) motion is time-barred and that the district court erred in scheduling an evidentiary hearing.

SUPREME COURT
OF
NEVADA

(O) 1947A

## CONCLUSION

Accordingly, we grant the Helfsteins' writ petition.[3] The clerk of this court shall issue a writ of prohibition instructing the district court to vacate its previous order regarding Seaver's NRCP 60(b) motion and enter a new order denying the motion.

_____, J.
Cherry

We concur:

_____, J.
Parraguirre

_____, J.
Douglas

---

[3]In light of our decision, we decline to reach the remaining issues in the Helfsteins' petition.

SUPREME COURT
OF
NEVADA

(O) 1947A

8