

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>ROBERT PAUL VANSANT and<br>JUDALINE LAURA DELLIMORE-<br>VANSANT,<br><br>Debtors. | BAP No. NV-25-1040-BLG<br><br>Bk. No. 24-13398-nmc |
| ROBERT PAUL VANSANT; JUDALINE<br>LAURA DELLIMORE-VANSANT,<br><br>Appellants,<br>v.<br>FAITH VISION, INC.,<br><br>Appellee. | MEMORANDUM* |

Appeal from the United States Bankruptcy Court
for the District of Nevada
Natalie M. Cox, Chief Bankruptcy Judge, Presiding

Before: BRAND, LAFFERTY, and GAN, Bankruptcy Judges.

## INTRODUCTION

Appellants Robert Paul Vansant and Judaline Laura Dellimore-Vansant appeal an order overruling their objection to a secured claim filed by Faith Vision, Inc. ("Faith"). Faith's claim was based on a mechanics' lien and related judgment, which it claimed was secured by the Vansants'

---

\* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

1

residence. The Vansants argued that Faith's claim was not secured because Faith failed to enforce its notice of mechanics' lien within the statutory period, and its lien had expired.

The bankruptcy court allowed Faith's claim as filed, ruling that the mechanics' lien had not expired because Faith commenced a timely foreclosure action. The Vansants argue that the court erred by focusing only on whether Faith's complaint provided sufficient notice to the Vansants that it was seeking to enforce its mechanics' lien. We agree, and conclude that the court erred by not analyzing whether Faith substantially complied with Nevada's relevant mechanics' lien statutes. Because Faith did not substantially comply, its mechanics' lien expired, its judgment was not secured, and its claim should have been allowed only as a general unsecured claim. Accordingly, we REVERSE.[1]

## FACTS

### A.    Prepetition events

Following a fire in 2021, the Vansants hired Faith, a general contractor, to repair their home (the "Property") for $250,000. When the Vansants paid Faith only $161,346.05, Faith recorded a "notice of mechanics' lien" against the Property for the remaining $88,653.95 on December 27, 2022.

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, all "NRS" references are to the Nevada Revised Statutes, and all "NRCP" references are to the Nevada Rules of Civil Procedure.

On June 22, 2023, five days prior to the expiration of the mechanics' lien, Faith filed a complaint against the Vansants (and others) in state court for "Damages and Other Relief." The complaint alleged two causes of action: breach of contract and breach of the implied covenant of good faith and fair dealing. In the complaint, Faith identified the Property, discussed the terms of the construction contract, and stated that it held a perfected "lien attached as Exhibit 1." It is unknown if Exhibit 1 was attached. However, the complaint made no mention of a "mechanics' lien." In the prayer for relief, Faith requested a judgment for $88,653.95 and "[a]n order requiring the immediate payment of all money due and owing as determined by this Court, or, in the alternative, that an order issue providing that the plaintiff may foreclose on the real property to satisfy the amounts due to plaintiff[.]"

After participating in an arbitration hearing, the arbitrator issued a decision in favor of Faith, awarding it the statutory maximum of $50,000.[2] Thereafter, the state court entered a judgment on arbitration award, ordering that Faith recover $50,000 from the Vansants. The judgment was not recorded.

On June 10, 2024, approximately 18 months after the notice of mechanics' lien was recorded, Faith filed a "motion for leave to proceed

---

[2] The Vansants had filed counterclaims against Faith for breach of contract and breach of the implied covenant of good faith and fair dealing. The arbitrator awarded them nothing on their counterclaims.

with foreclosure" based on the judgment ("Motion to Foreclose"). Faith asserted that it had satisfied "all the requirements of perfecting its lien, and initiating the required litigation in a timely manner." Before the state court ruled on the Motion to Foreclose, the Vansants filed for bankruptcy relief.[3]

## B. Postpetition events

The Vansants filed a chapter 7 bankruptcy case on July 3, 2024. They listed a mortgage lender with a secured claim against the Property for $164,409, and claimed all other equity in the Property exempt. The Vansants listed Faith as an "unsecured" creditor with a "disputed" claim for $50,000.

Faith filed a secured proof of claim for $51,018.44 based on a "Lien and related judgment." The Vansants objected to the claim, arguing that it should be reclassified as an unsecured claim. Under NRS 108.233, argued the Vansants, Faith had to file a foreclosure action within six months of

---

[3] Without notice of the Vansants' bankruptcy, the state court later entered a minute order granting Faith's Motion to Foreclose, finding that the Vansants were put on "notice" with the foreclosure request in the complaint's prayer for relief. Although that order is void and had no bearing on Faith's claim, we question its correctness due to certain factual and legal errors it contains. For example, the state court found that the lien notice was recorded on June 22, 2023, and that Faith filed its complaint the same day, when in fact the lien notice was recorded on December 27, 2022, and a foreclosure complaint can never be filed the same day as the lien notice because of the 30-day waiting period. *See* NRS 108.244. The state court further erred in finding that Faith had already obtained a "final" judgment in the matter with the $50,000 arbitration judgment, but judgments for the enforcement of a mechanic's lien are not final until the court orders that the property sale can proceed. *Simmons Self-Storage Partners, LLC v. Rib Roof, Inc.*, 247 P.3d 1107, 1110 (Nev. 2011). Perhaps Faith had a final judgment for breach of contract, but that would only indicate that its complaint was not a foreclosure complaint.

when it recorded its mechanics' lien. It failed to do so. Instead, Faith sued them personally for compensatory damages for breach of contract. In addition, argued the Vansants, Faith also failed to comply with the foreclosure requirements of NRS 108.239. Faith filed but did not record a lis pendens when it filed its complaint, and it did not publish or deliver a notice of foreclosure on known lienholders. Consequently, they argued, Faith did not commence a proceeding "to enforce" its notice of mechanics' lien within the meaning of NRS 108.233. Thus, argued the Vansants, the mechanics' lien lapsed as a matter of law on June 27, 2023, and all Faith held was a $50,000 general unsecured claim based upon its unrecorded judgment.

In response, Faith argued that its complaint was a timely-filed foreclosure action. It complied with the notice pleading requirements of NRCP 8 by alleging facts regarding the perfected mechanics' lien and requesting an order of foreclosure in the prayer for relief. Faith argued that its intent to foreclose was further demonstrated by the Motion to Foreclose, which it filed once the value of its lien was determined and the Vansants failed to pay. Therefore, argued Faith, its mechanics' lien had not expired and its claim was secured.

The bankruptcy court overruled the Vansants' objection and allowed Faith's secured claim. The court determined that, under Nevada's liberal notice pleading standard, Faith put the Vansants on notice of the foreclosure claim when it requested an order of foreclosure in the

complaint's prayer for relief. Therefore, Faith's mechanics' lien had not expired and its claim was secured. This timely appeal followed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err in overruling the Vansants' objection to Faith's claim?

## STANDARDS OF REVIEW

"An order overruling a claim objection can raise legal issues (such as the proper construction of statutes and rules) which we review de novo, as well as factual issues (such as whether the facts establish compliance with particular statutes or rules), which we review for clear error." *Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal)*, 450 B.R. 897, 918 (9th Cir. BAP 2011). Under de novo review, we give no deference to the bankruptcy court's conclusion. *Allen v. U.S. Bank, N.A. (In re Allen)*, 472 B.R. 559, 564 (9th Cir. BAP 2012). Factual findings are clearly erroneous if they are illogical, implausible, or without support in the record. *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010).

## DISCUSSION

**A.    Legal standards for claim litigation**

A claim is "deemed allowed" unless a party in interest objects.

§ 502(a). A procedurally compliant proof of claim is prima facie evidence of the validity and amount of the claim. Rule 3001(f). To defeat a prima facie valid claim under § 502(a), an objecting party must present sufficient evidence to overcome the proof of claim's presumption of validity or amount. *Margulies Law Firm, APLC v. Placide (In re Placide)*, 459 B.R. 64, 72 (9th Cir. BAP 2011). If the objector produces sufficient evidence to rebut the Rule 3001(f) presumption, the burden of production shifts back to the claimant to prove the validity and amount of its claim by a preponderance of the evidence. *Id.* However, the claimant ultimately bears the burden of persuasion. *Id.*

**B.     The bankruptcy court erred in overruling the claim objection.**

Mechanics' liens are a creature of state statute, whose object "is to secure payment to those who perform labor or furnish material to improve the property of the owner." *Schofield v. Copeland Lumber Yards, Inc.*, 692 P.2d 519, 520 (Nev. 1985) (citing *Peccole v. Luce & Goodfellow, Inc.* 212 P.2d 718 (Nev. 1949)). The Vansants have not challenged the validity of Faith's notice of mechanics' lien or the amount of its claim. They argue only that Faith failed to timely enforce the lien, resulting in an unsecured judgment and claim.

NRS 108.239 governs actions to enforce a notice of mechanics' lien in Nevada, setting forth notice requirements and the procedure to sell the property and distribute the proceeds. *APCO Constr., Inc. v. Zitting Bros. Constr., Inc.*, 473 P.3d 1021, 1029 (Nev. 2020); *Simmons Self-Storage Partners,*

7

*LLC*, 247 P.3d at 1109. NRS 108.239 states what a lien claimant must do when seeking to foreclose on a mechanics' lien. First, the complaint must state "the particulars of the demand" and include "a description of the property to be charged with the lien." NRS 108.239(1). Contemporaneously with the complaint and summons, the foreclosing lien claimant must also file and record a notice of pendency of the action (lis pendens). NRS 108.239(2)(a) (referencing NRS 14.010, which mandates recording a lis pendens in actions affecting real property). The foreclosing lien claimant must also cause a "notice of foreclosure" to be published for three successive weeks in a local newspaper, notifying all persons holding or claiming a notice of mechanics' lien on the property of the opportunity to file and serve a written statement of facts in the foreclosing lien claimant's action. NRS 108.239(2)(b). The foreclosing lien claimant must also mail or deliver to any lienholders of record the notice of foreclosure as published. NRS 108.239(4).

Faith concedes that it did not record a lis pendens, publish a notice of foreclosure, or deliver a notice of foreclosure to other recorded lienholders as required by NRS 108.239(2) and (4). According to the arbitrator's decision, Faith failed to provide even a proof of service for the complaint and summons on two named (and not dismissed) defendant lienholders. It is also arguable that Faith's complaint did not state "the particulars of the demand" as required by NRS 108.239(1), with the foreclosure request buried in the prayer for relief. On its face, the complaint is for a contract action, not for the enforcement of a mechanics' lien. It is not clear if a copy of the

8

mechanics' lien was attached to the complaint, but no date for when the notice of lien was recorded was disclosed so that the state court could determine if the alleged enforcement action was timely. As noted above and applicable here, an action to enforce a mechanics' lien must be filed within six months after the date on which the notice of lien was recorded, or it expires. *See* NRS 108.233(1)(a), (2).

Although NRS 108.239 appears to require strict compliance with use of the word "shall" in subsections (2) and (4), Nevada courts instruct that "the mechanic's lien statutes are remedial in character and should be liberally construed." *Las Vegas Plywood & Lumber, Inc. v. D & D Enters.*, 649 P.2d 1367, 1368 (Nev. 1982); *accord Iliescu v. Steppan*, 394 P.3d 930, 934 (Nev. 2017); *Hardy Cos. v. SNMARK, LLC*, 245 P.3d 1149, 1155 (Nev. 2010). As such, Nevada courts apply the doctrine of "substantial compliance" to the state's mechanics' lien statutes. If there is substantial compliance with the statutes, "notices, liens and pleadings arising out of those statutes will be liberally construed in order to effect the desired object." *Schofield*, 692 P.2d at 520 (citations omitted); *see also Hardy Cos.*, 245 P.3d at 1155; *Las Vegas Plywood & Lumber, Inc.*, 649 P.2d at 1368. Substantial compliance has been defined as "compliance with essential matters necessary to ensure that every reasonable objective of the statute is met." *Williams v. Clark Cnty. Dist. Att'y*, 50 P.3d 536, 541 (Nev. 2002). However, "[f]ailure to either fully or substantially comply with the mechanic's lien statute will render a mechanic's lien invalid as a matter of law." *Hardy Cos.*, 245 P.3d at 1155

9

(discussing NRS 108.245, which governs pre-lien notices for mechanics' liens) (citing *Schofield*, 692 P.2d at 520 (holding that a notice of lien may not "be so liberally construed as to condone the total elimination of a specific requirement of the statute" and determining that a notice of lien omitting certain provisions required by NRS 108.226 was invalid)). The burden is on the proponent to establish substantial compliance. *Las Vegas Convention & Visitors Auth. v. Miller*, 191 P.3d 1138, 1147 (Nev. 2008) (analyzing substantial compliance with a ballot-initiative statute).

Most of Nevada's mechanics' lien cases involve disputes over a notice or perfection of a lien (NRS 108.226 & 108.227) or a pre-lien notice (NRS 108.245). *See Hardy Cos.*, 245 P.3d at 1151 (pre-lien notice); *Bd. of Trs. v. Durable Devs., Inc.*, 724 P.2d 736, 743 (Nev. 1986) (pre-lien notice); *Schofield*, 692 P.2d at 519-20 (notice of lien/perfection); *Las Vegas Plywood & Lumber, Inc.*, 649 P.2d at 1368 (notice of lien/perfection). In such cases, the Nevada Supreme Court has held that substantial compliance with the mechanics' lien statutes will suffice if the property owner receives actual notice and is not prejudiced. *See Hardy Cos.*, 245 P.3d at 1155-57; *Durable Devs., Inc.* 724 P.2d at 743; *Las Vegas Plywood & Lumber, Inc.*, 649 P.2d at 1368.

We could not locate a case, and the parties have cited none, where the Nevada Supreme Court has considered whether a lien claimant has substantially complied with NRS 108.239, when it has not recorded a lis pendens or published or delivered a notice of foreclosure. This is assuming that the complaint here sufficed for purposes of the statute. The Vansants

10

cite to *Simmons Self-Storage Partners, LLC*, 247 P.3d 1107, and argue that compliance with the requirements of NRS 108.239 is mandatory to commence an action to enforce a mechanics' lien. In *Simmons Self-Storage Partners, LLC*, the Nevada Supreme Court recited generally the requirements for a mechanics' lien foreclosure action as set forth in NRS 108.239. *Id.* at 1109. But the court was not deciding the lien claimant's substantial compliance with the statute. The issue there was finality of judgments in a mechanics' lien enforcement action. Thus, the Vansants may be overstating its authority.

In a case where a "notice of lien" was recorded but not served on the property owner as required by NRS 108.227, the Nevada Supreme Court determined that the mechanics' lien was not perfected and the foreclosure action failed. *See Fisher Bros., Inc. v. Harrah Realty Co.*, 545 P.2d 203, 204-05 (Nev. 1976). In another "notice of lien" case, the Nevada Supreme Court held that a lumber supplier did not substantially comply with NRS 108.227 because the notice failed to include certain statutorily required information, namely the material terms of the supplier/lien claimant's contract with the general contractor, and the property owners had no personal knowledge of their contract or its terms. *See Schofield*, 692 P.2d at 519-21. On the other hand, substantial compliance was found when a lien claimant's only failure was posting the notice of lien at the respondent's place of business instead of the property which was the subject of the lien, but the respondent

11

received actual notice of the lien's existence from the lien claimant by mail. *See Las Vegas Plywood & Lumber, Inc.*, 649 P.2d at 1368.

Faith's deviations from the requirements of the subject statutes are far more egregious. Faith did not just leave out terms of a contract in its notice of lien, or post a lien notice at the wrong location; it failed to comply with any of the notice requirements to enforce a mechanics' lien under NRS 108.239. Even under the most liberal of standards, we fail to see how Faith's failure to record a lis pendens or to publish or deliver a notice of foreclosure could ever constitute substantial compliance. Far from substantial compliance, what occurred here was essentially no compliance. Even if the complaint could be construed as a proper foreclosure complaint, Faith's failure to do anything besides file a complaint and lis pendens falls woefully short of what is required under the statute. It does not appear that Faith even attempted to comply with NRS 108.239, and it has offered no explanation as to why it did not do so. "[T]ypically, failure to even attempt to comply with a statutory requirement will result in a lack of substantial compliance." *Las Vegas Convention & Visitors Auth.*, 191 P.3d at 1148.

Faith argues that its oversight in failing to record a lis pendens did not defeat substantial compliance with NRS 108.239, when the Vansants had actual notice of the foreclosure action, participated in it, and were not prejudiced. First, it is not clear that the Vansants knew this was a foreclosure action. Further, while the Vansants might not have been prejudiced by Faith's failure to record a lis pendens, a lis pendens is not just

12

for the benefit of the property owner. It is also for the benefit of any purchaser or encumbrancer of an affected property. *See* NRS 14.010(3). A notice of lis pendens serves the public policy goal of providing "constructive notice to the world that a dispute involving real property is ongoing." *Weddell v. H20, Inc.*, 271 P.3d 743, 751 (Nev. 2012), *abrogated on other grounds by Tahican, LLC v. Eighth Jud. Dist. Ct.*, 523 P.3d 550 (Nev. 2023) (citing NRS 14.010(3)). *See also Leven v. Frey*, 168 P.3d 712, 719 (Nev. 2007) (holding in the context of recording a judicial lien renewal, that the "recording requirement's main purpose is to procure reliability of title searches," and that "substantial compliance" with this requirement "is not supportable, as it would undermine the Legislative intent that the debtor and third parties be promptly notified that the lien on the debtor's real property has continued.").

Faith does not offer any argument regarding its failure to publish a notice of foreclosure and deliver the notice to known lienholders. Notice to interested third parties is paramount in an action to enforce a mechanics' lien, which is why they are protected under the statute. Under NRS 108.239(2)(b) and (3), all other persons holding or claiming a notice of mechanics' lien must receive notice so that they may join the action by filing and serving a written statement of facts on the lien claimant and other parties adversely interested. And under NRS 108.239(4), all other lienholders of record are entitled to be served with the notice of foreclosure so they too can join in the proceeding to protect their lien interests. As the

13

Vansants argued, notice to their mortgage lender and other interested parties, including other mechanics' lien claimants such as any unpaid suppliers and subcontractors, would have allowed them to intervene to protect their interests in the Property. *See* NRS 108.236; NRS 108.239(7), (9), (10) (during an enforcement action, the court will determine priorities, enter judgment on the lienable amounts, and order the property sold); *Simmons Self-Storage Partners, LLC*, 247 P.3d at 1109. That Faith did not record a lis pendens or publish and deliver a notice of foreclosure demonstrates either that it was ignorant of the process, or that its complaint was not an action to enforce its mechanics' lien.

Nothing in the record suggests that any interested third parties had actual notice of Faith's intent to foreclose despite Faith's failure to publish or deliver notice. In fact, the majority of the named defendants in the action were not served with the complaint and summons, the Vansants' mortgage lender was not even named, and only the Vansants were served with the Motion to Foreclose, which apparently was Faith's belated attempt to pursue lien enforcement. Clearly, these third parties who were entitled to a notice of foreclosure were prejudiced by the lack of notice, so substantial compliance was lacking. *See Las Vegas Plywood & Lumber, Inc.*, 649 P.2d at 1368 (holding that substantial compliance is met where actual notice occurs and there is no prejudice to the party entitled to notice); *see also Leven*, 168 P.3d at 718 (noting that if a statute is specific regarding manner of notice, Nevada courts strictly construe statutory "time and manner" requirements,

14

whereas substantial compliance may be sufficient for "form and content" requirements). Indeed, notice appears even more critical in a mechanics' lien enforcement action given their superior priority status. *See* NRS 108.225.

Faith contends that the Vansants' arguments about the enforceability of its mechanics' lien are barred by both the doctrines of claim and issue preclusion. Faith argues that the Vansants failed to raise, and should have raised, this issue in the state court prior to entry of the judgment, and further, enforceability was litigated in the Motion to Foreclose. As we have noted, Faith's complaint did not appear to be a lien enforcement action, especially when combined with Faith's other failures of not recording a lis pendens or providing notice to third parties. The arbitrator did not discuss the issue of foreclosure, referring only to Faith's contract claims. And the arbitrator referred to the other defendants named in the complaint as "extraneous," which is contrary to a foreclosure action since at least two of them were current lienholders. Thus, the Vansants cannot be faulted for not raising something that did not appear to be at issue.

Further, under Nevada law, a mechanics' lien enforcement judgment is not final until the court orders that the property can be sold. *Simmons Self-Storage Partners, LLC*, 247 P.3d at 1110. Although the state court later entered a minute order granting Faith's Motion to Foreclose, it was entered after the Vansants filed for bankruptcy, in violation of the automatic stay. Hence, the order was void and not entitled to full faith and credit by the

bankruptcy court. *See Gruntz v. Cnty. of L.A. (In re Gruntz)*, 202 F.3d 1074, 1082 & n.6 (9th Cir. 2000) (noting that actions taken in violation of the automatic stay are void and that a state court decision is not entitled to preclusive effect under *Rooker-Feldman* when that decision is void ab initio). Consequently, without a final judgment of foreclosure, neither claim nor issue preclusion is applicable here. *See Five Star Cap. Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008), *holding modified by Weddell v. Sharp*, 131 P.3d 80 (Nev. 2015) (stating that under Nevada law claim preclusion requires a "final judgment [that] is valid" and issue preclusion requires that "the initial ruling must have been on the merits and have become final").

Faith also contends that it had to get the amount owed by the Vansants reduced to a sum certain and obtain a judgment before it could proceed with a foreclosure action. The statutes do not contemplate the process Faith suggests. NRS 108.239 provides that the lien claimant files the foreclosure complaint and contemporaneously complies with all notice requirements, the court determines the lienable amount(s) and priority of the lien(s), and the court enters a judgment ordering that the property be sold and the proceeds distributed accordingly. *See* NRS 108.239(7), (10); s*ee also Simmons Self-Storage Partners, LLC*, 247 P.3d at 1109 (discussing the mechanics' lien enforcement process). Thus, the amount owed to a lien claimant is decided **in the foreclosure action.** In addition, and contrary to the Vansants' argument, arbitration is permitted in a mechanics' lien enforcement action under NRS 108.239(9), and, upon request, the court may

16

stay the action to foreclose pending the outcome of the arbitration. Any party receiving an award from the arbitrator can seek an order from the court in the foreclosure action confirming the award and, if applicable, obtain a sale order. So, Faith was not wrong in choosing arbitration. But if it wanted to enforce its mechanics' lien, it needed to file a foreclosure action, not a contract action. Of course, it was free to seek both within the six-month period, or it could simply file a civil action seeking to recover the debt based on contract or other claims subject to the statute of limitations for such actions. *See* NRS 108.238. In choosing the latter, however, one does not get the statutory benefit of a mechanics' lien.

Because Faith failed to substantially comply with NRS 108.239, its complaint was not a proper foreclosure action. Consequently, its lien expired on June 27, 2023, its claim was not secured, the Vansants' objection should have been sustained, and the claim should have been allowed only as a general unsecured claim. That the complaint may have satisfied NRCP 8 to put the Vansants on notice of Faith's intent to enforce its notice of mechanics' lien missed the point. While the complaint itself might be subject to a notice pleading standard, the steps required to enforce the lien are far more specific. The issue before the bankruptcy court was whether Faith substantially complied with the notice requirements of NRS 108.239 sufficient to constitute an enforcement action. The court erred by not applying this standard.

17

## CONCLUSION

For the reasons stated above, we REVERSE.